IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM VON FRIEWALDE, DAVE HARTMAN, MARK COMPAS and ROBERT BEVINS, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CA. NO SA06CA0236-OG |
| BOEING AEROSPACE OPERATIONS, INC., | § § § § | |
| Defendant. | § | |

## APPLICATION AND MEMO BRIEF FOR ATTORNEYS FEES

Come Now, Edward Montelongo and Jesus Lozano, remaining opt-in Plaintiffs and move the Court to award them attorneys fees.

### I.
### Factual Background

1.01    Plaintiff William Von Friewalde, et al, among others including Edward Montelongo and Jesus Lozano, Opt-in Plaintiffs, sued Defendant for violations of the Fair Labor Standards Act on March 17, 2006 (Dkt 1). The trial Court granted Summary Judgment on March 10, 2008 (Dkt. 62) and denied a Motion for rehearing on June 10, 2008 (Dkt. 71). The U.S. Court of Appeals for the Fifth Circuit reversed and remanded, in part, the trial Court's ruling as to Edward Montelongo and Jesus Lozano on the 14th day of August 2008, which was received by the trial Court on August 31, 2009 (Dkt. 82). Plaintiffs filed their Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated on October 2, 2009 (Dkt. 86), Memo in Support (Dkt. 87) and Appendix (Dkt. 88) which is currently pending. Defendant filed its Motion to

Strike Plaintiffs' Motion to Issue Notice on October 13, 2009 (Dkt. 89) which is currently pending. Plaintiffs' filed their Response in Opposition to Strike on October 30, 2009 (Dkt. 90). Defendant filed its reply in Support of its Motion to Strike Plaintiffs' Motion to Issue on November 10, 2009 (Dkt. 91).

1.02    On the 18th day of November, 2009, Defendant Boeing made an "offer of judgment" which was accepted by Montelongo on the 19th day of November, 2009 (Dkt 93 ). Boeing has now confessed liability and damages as to Montelongo and agreed that "mandatory attorneys fees" as provided by §216(b) of the Fair Labor Standards Act (FLSA) shall be set by the Court. Contrary to defendant Boeing's improper effort to characterize its "offer of judgment" as a settlement offer, Rule 68 makes no mention of settlement. Defendant requested that the clerk enter judgment, upon acceptance of that offer of judgment, in plaintiffs favor and for the Court thereafter to set attorneys fees. This request is an admission that plaintiff is a prevailing party. Plaintiff request the Clerk enter the judgment upon Montelongo's acceptance - see proposed Judgment for Entry (App. 70).

1.03    Defendant apparently objects to the amount of fees sought (App. 62-64) as it asked the Court to set them.

## Defendant has Avoided Liability by Limitations and Others Failing to Opt-In

1.04    The Defendant has avoided liability and has been unjustly enriched as a result of Defendant's conscious disregard of the Fair Labor Standards Act (FLSA) in refusing to pay overtime at time and one-half by an amount of at least $3,957.50 as it relates to plaintiff Montelongo, plus costs and reasonable attorneys fees to be to set by the Court, see (App.62-64) and of at least $3,440.00 as to Jesus Lozano (App. 68) plus costs and reasonable attorneys fees to

be set by the Court, see Declaration of Lozano (App.68) not to mention sums not paid as to the other plaintiff Lozano or potential plaintiffs in the event others opt-in. Defendant has been unjustly enriched by these amounts as a result of (1) additional Plaintiffs failing to opt-in (some of which still work for Defendant) or (2) the application statute of limitations or (3) the failure of plaintiffs to respond to written discovery in the trial court before summary judgment. Plaintiffs further show this Court that the amounts that Defendant got away with and continues to get away with should be considered in awarding attorneys fees.

## II.
## Standards for Awards of Attorney's Fees

2.01   Before a plaintiff can recover attorney's fees and costs pursuant to 29 U.S.C. § 216(b), she must demonstrate that she is a prevailing party. *Commonwealth Oil Refining Co., Inc. v. EEOC*, 720 F.2d 1383, 1385 (5th Cir. 1983). To determine if the primary relief sought has been obtained the Court should compare the allegations made with the results obtained. *Commonwealth*, 720 F.2d at 1385. A plaintiff may be considered a prevailing party for attorneys' fees purposes "if plaintiff succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 103 S.Ct. 1993, 1939 (1983). "This is a generous formulation..." *Id.* at 1939. In the instant case, Plaintiff(s) are clearly prevailing parties on appeal (Dkt. 82) and as the Defendant admitted liability, and has made an offer of judgment which has been accepted as to liability, damages and costs on behalf of Edward Montelongo (Dkt 93). Attorneys fees are to be set by the Court. An offer of judgment is an effort by the defendant to shift costs and cap attorneys fee recovery resulting in the entry of judgment on plaintiffs behalf against the defendant as opposed to a traditional settlement offer.

2.02　To determine what attorneys' fees are reasonable and recoverable, the Court must first determine the "loadstar" amount. The term "loadstar" is defined as "the 'initial estimate of a reasonable attorney's fee . . . properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rates.'" *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See also Missouri v. Jenkins*, 109 S.Ct. 2463 (1989) (for discussion of reasonable rate calculation).

2.03　In computing the reasonable number of hours spent in preparation of a case, the Court must distinguish between "raw" hours and "billable" hours. *Henry v. First Nat'l Bank of Clarksdale*, 603 F.Supp. 658, 664 (N.D. Miss. 1984). The number of actual hours expended on a particular project will not necessarily be the number of "reasonable hours" which should have been expended. *Id.* at 661 (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). Hours which an attorney would not properly bill to his client should not be billed to an adverse party. *Id.* at 664. Unnecessary duplication of attorney's efforts should not be compensated. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Additionally, the Court must find that the application for attorneys' fees filed by Plaintiffs' counsel sufficiently allows the Court to determine what constitutes reasonable attorneys' fees in this action. *See generally Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

2.04　"The reasonableness of attorney fee awards . . . involves consideration of the twelve factors set forth by [the Fifth Circuit] in *Johnson*." *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990). "[T]he fee applicant bears the burden of establishing entitlement to an award

and documenting the appropriate hours expended and hourly rates." *Hunsley*, 103 S.Ct. at 1941. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* at 1939. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 1939.

### Discussion of Attorney's Fees Sought to be Awarded

2.05    Plaintiffs' attorneys seek fees in the amount of $155,725.00. That amount includes fees for the filing of this motion. Counsel state that they personally worked a total of 445.6 compensable hours on this case (App. 2-56). They request an hourly rate of $350.00 per hour for both out of court and in-court time. Counsel further seek $4,121.66 in taxable costs in this motion. Additional attorneys fees will be sought, in that, defense counsel has filed a frivolous Motion to Strike Plaintiffs latest Motion for Notice and Mailout (App. 89) and is threatening to file another Motion to Strike Plaintiffs' Supplement to Motion for Mail-Out (Dkt. 94). Furthermore, additional briefing will be necessary on the issue of Boeings wrongful effort to characterize an "offer of judgment" as a traditional settlement offer and claiming it is not an admission of liability while contemporaneously asking the clerk to enter judgment in favor of Montelongo.

### Attorneys' Fees

#### A. *Loadstar*

This case was reduced to judgment by one Rule 68 Offer of Judgment by Defendant and by Plaintiff Montelongo's acceptance of the same (Dkt. 93)(App. 62-64). The Court is requested to find that the reasonable hourly rate for each attorney is $350.00 per hour on the basis of the rates and practices prevailing in the relevant market. This rate is well in line with those rates

prevailing in San Antonio, Texas, and Amarillo, Texas, and the community for similar services by trial lawyers of reasonably comparable skill, experience and reputation. *Jenkins*, 109 S.Ct. at 2470. It grants Plaintiffs a fully compensatory fee comparable to what is traditional with attorneys compensated by a fee-paying client. *Id.* at 2470.

"As a fee applicant, [Plaintiff] has the burden of proving the reasonableness of the number of hours expended on his prevailing claim." *Von Clark*, 916 F.2d at 259. "Part of the applicant's ability to meet his burden includes maintaining billing time records in a manner that would enable the reviewing court to identify each distinct claim." *Von Clark*, 916 F.2d at 259. Summary time sheets are not sufficient to meet Plaintiffs burden of proof. *Id.* at 259. "Absent a reliable record of the time expended on the prevailing claim which is attached hereto as Exhibits "A, B, & C" (App. 2-56), it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim in which the party prevailed." *Von Clark*, 916 F.2d at 259.

As evidence of their hours, counsel herewith submit itemized summary time sheets setting forth in detail (1) the date the work was performed, (2) the description of what work was performed and (3) the amount of time it took to perform the work described, and invoices for costs advanced, see Exhibits "A", "B" & "C" (App. 6-9; 18-21 and 36-40).

Accordingly, Plaintiffs request the Court find that the loadstar of reasonable and necessary attorney's fees upon which the *Johnson* factors should be applied is $350.00 per hour times 445.6 hours, or $155,725.00 plus costs of $4,121.66 for a total of $159,846.66.

B. *Enhancement of the Loadstar Amount*

Counsel requests a significant upward modification of the fee request.

When a modification of the "loadstar" amount is requested, the fee-award factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), must be considered. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service property; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *Id.* at 717-719.[1]

### 1. Time and Labor Required

This factor is discussed above and is itemized by plaintiffs counsels' submission supported by affidavits (App. 2-56).

### 2. Novelty and Difficulty of the Questions

The Court is asked to find that the questions upon which Plaintiffs prevailed are novel and are moderately complex, especially given the experience of the attorneys involved. While claims similar to the causes of actions alleged have been litigated in reported circuit and district court cases, a few reported cases have the number of specific claims asserted in this case such as whether (1) a motion for mail-out and notice is appropriate following a partial reversal by the 5th Circuit (2) whether an offer of judgment once accepted constitutes settlement negotiations rather than the entry of a judgment in an effort to shift fees and costs and (3) whether other plaintiffs,

---

[1] The 12th traditional *Johnson* factor, whether the fee is fixed or contingent, will not be discussed because the fact that a case is taken on the risk of nonpayment of attorneys' fees if a party does not prevail is insufficient to enhance the fee award. *Pennsylvania v. Delaware Valley Citizen's Council*, 107 S.Ct. 3078, 3087 (1987)

including opt-ins should be dismissed for failure to respond to written discovery of a motion to compel. The hours allowed should afford adequate compensation for time required by the moderate complexity of the case and spirited nature in which defendant and it's counsel defended the case and the partial reversal on appeal in this case.

### 3. Skill Requisite to Perform Legal Services

The Court should find that the skill requisite to properly perform the legal services in this action required attorneys with some experience in FLSA litigation, see Motion for Notice and Mail-Out (Dkt. 86, 87 & 88). Recognition of the expertise of the attorneys involved in this case should be reflected in the hourly rate awarded and the number of FLSA trials and appeals counsel has handled.

### 4. Exclusion from other Employment

Counsel assert that they were precluded from accepting other cases. The Court should find that an adjustment in the fee award based this factor is proper. This case did prevent counsel from representing other worthy clients and the Court should find that this case required the attorneys to forego working on cases for "paying" clients in light of Boeing's spirited defense of this case as evidence by its threats of sanctions at various points of the case, not the least of which is it characterization that an offer of judgment is settlement negotiations and plaintiffs' reference to the same is an admission of liability is improper (App. 66).

### 5. Customary Fees

The hourly rate to be awarded should reflect the medium, it is believed, end of the customary fees for cases of this type in the Western District of Texas, San Antonio Division. The rates awarded are reasonable and consistent with the rate charged by similarly experienced

litigation attorneys in Amarillo and San Antonio, Texas during the period of this litigation should at least be $350.00 per hour, if not more.

### 6. Time Limitations Imposed Upon Counsel

The time limitations involved in this action were and are somewhat unusual and of such an exceptional nature in light of defendants approach to the defense of same as to require an enhancement of the attorneys' fees awarded.

### 7. Amounts Involved and Results Obtained

The attorney hours found to be reasonable, and the amount determined to be a reasonable rate for attorney's fees, should provide an adequate compensation for the success achieved in this case following the appeal.

### 8. Experience, Reputation and Ability of Counsel

Plaintiffs request that the hourly rate awarded reflects the Court's recognition of the experience, reputation and ability of counsel, see list of FLSA cases handled by Russ, see Motion for Mail-out (Dkt. 86).

### 9. Undesirability of the Case

This case is not undesirable for a plaintiffs attorney in its initial stages but it represented questionable desirability concerning the likelihood of success following Courts entry of an adverse summary judgment ruling against the plaintiffs at the Fifth Circuit Court of Appeals.

### 10. Nature and Length of Professional Relationship

There is little evidence of a professional relationship between the fee applicants and counsel which would not justify an enhancement in the fee award for this specific factor.

## 11. Fee Awards in Similar Cases

The fee awarded should be consistent with fees awarded to prevailing parties in other similar cases.

The Fifth Circuit has held in *Cox v. Brookshire Grocery Co.* 919 F.2d 354, 358, 30 WH cases 216, (5th Cir. 1990) that "the relative success of the party seeking attorney fees is a critical factor in determining the amount to be awarded, " citing *Marek v. Chesney*, 473 U.S. 1, 9, 38FEP cases 124 (1985).

> ** 29 U.S.C.A. § 216(b) states "The Court in such action **shall,** in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys fee to be paid by the defendant, and costs of the action." (emphasis added).

As indicated herein, a fee award to a prevailing FLSA plaintiff is mandatory under § 216(b).

### Offer of Judgment

The Fifth Circuit had addressed the question of whether or not an "offer of judgment" is an offer of settlement in *Cox v. Brookshire Grocery Co.*, 919 F. 2d 354, 358, 30 WH Cases 216 (5th Cir. 1990) wherein the 5th Circuit ruled that an offer of compromise made before the commencement of the litigation is not an offer of judgment under Rule 68, F.R.C.P., but that consideration may affect the reasonableness of the amount of the fee recovery. Clearly, an offer of judgment is just that an "offer of judgment" rather than settlement negotiations. It is a fee shifting and cost shifting device.

Furthermore, in the 12 factor test set out in *Johnson v. Georgia Highway, supra,* it is not an abuse of discretion for the trial court to view one guideline as controlling in setting attorneys

fees as long as it is clear that all guidelines were considered, see *Newhouse v. Roberts Llima Tours*, 708 F2d 436, 441, 26 WH Cases 352 (9th Cir. 1983), aff'g in relevant part 533 F. Supp. 320, 25 WH Cases 238 (D. Haw. 1981).

## Legal Standards Regarding Awards of Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides for an award of costs "to the prevailing party unless the court otherwise directs." FED. R. CIV. PRO. 54(d).

28 U.S.C. § 1920 defines recoverable costs, and a district court may decline to award the costs listed in the statute but may not award costs omitted from the list. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385 (1987). "Only when a clear abuse of discretion is shown can an award of costs be overturned." *In re Nissan Anti-Trust Litigation*, 577 F.2d 910, 918 (5th Cir. 1978) *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 891 (5th Cir. 1993).

The following relevant costs are permissible pursuant to 28 U.S.C. § 1920: (1) fees of the clerks and marshals; (2) fees of the court reporter for stenographic transcripts necessarily obtained for use in the trial; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in a case. 28 U.S.C.A. § 1920 (West 1994).

Costs for deposition transcripts and for copies of pleadings and other papers are attached as Exhibit "A & B", (App. 2-30).

Receipts for travel expenses have been furnished as required by 28 U.S.C. § 1821(c)(1), and travel expenses are taxed, see (App. 2-56). Likewise, because Plaintiffs have provided

documentation in support of a mileage or airfare allowance, subsistence expenses or mailing fees, the Court cannot determine if these costs are reasonable and necessary. Accordingly, costs for mileage allowance, subsistence expenses and mailing fees will be allowed.

The Court must allow recovery of the $350.00 filing fee and the $455.00 fee for filing the notice of appeal.

## **CONCLUSION**

The Court finds that reasonable and necessary attorneys' fees in this case are a total of $155,725.00, which is $350.00 per hour times 445.6 hours.

Plaintiffs may further recover costs from the Defendants in this action in the total amount of $4,121.66.

Respectfully submitted,

THE POWELL LAW FIRM
Jon Powell, SBN 00797260
115 East Travis Street, Suite 535
San Antonio, Texas 78205
210-225-9300 - Telephone
210-225-9301 - Facsimile

- and -

SPEIGHTS LAW FIRM LLP
Jason Speights
825 W. Bitters Road, Suite 104
San Antonio, Texas 78216
210-495-6789 - Telephone
210-495-6790 - Facsimile

- and -

LAW OFFICES OF PHILIP R. RUSS
Philip R. Russ
Felipe Zavala
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

By: _____
Philip R. Russ, SBN 17406000

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2009, I electronically filed the foregoing "Application and Memo Brief for Attorneys fees" with the Clerk of the Court for the Western District of Texas, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

*Counsel for Defendants*

Gary D. Eistenstat, Esq.
Keith Verges, Esq.
Amanda Sotak, Esq.
**FIGARI & DAVENPORT**
2400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202

_____
Philip R. Russ