FILED
FEB 19 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIAM VON FRIEWALDE, DAVE HARTMAN, MARK COMPAS, and ROBERT BEVINS,<br>Plaintiffs,<br><br>v.<br><br>BOEING AEROSPACE OPERATIONS, INC.,<br>Defendant. | CAUSE NO. SA-06-CA-236-OG |

## ORDER

Opt-in plaintiffs Montelongo and Lozano have filed a motion for order authorizing notice to potential plaintiffs (docket no. 86) with its accompanying memorandum and appendix (docket nos. 87, 88). Defendant has filed a motion to strike these documents. (Docket no. 89.) The Fifth Circuit's mandate requires trial only of Montelongo and Lozano's individual claims, and it specifically affirmed this Court's dismissal of the claims of the four named plaintiffs and 74 other opt-in plaintiffs. <u>Von Friewalde v. Boeing Aerospace Operations, Inc.</u>, 339 Fed.Appx. 448, 461 (5th Cir. 2009). The mandate does not permit plaintiffs to start over with a new notice and a new collective action. The class definition in the notice was mailed to Boeing's non-exempt San Antonio present and former employees, some 1,588 people. The description of the lawsuit in the Notice informed all Boeing non-exempt employees that the allegations related to pre- and post-shift activities based upon:

> 1. "Rolling forward" clock-in times by up to 30 minutes for employees who clocked-in and started work prior to the scheduled start of shift times; and
> 2. "Rolling back" clock-out times by up to 30 minutes for employees who continued to work after the scheduled end of their shift times.

As indicated, in addition to the four named plaintiffs, 76 other plaintiffs opted-in. The claims for

overtime pay plaintiffs seek to notice were already addressed before this Court and before the Fifth Circuit. In addition, as discussed more fully below, the certification cannot meet the "similarly situated" requirement of 29 U.S.C. § 216(b). Plaintiffs' motion will be struck.

For the same reasons plaintiffs' motion for leave to file an amended complaint and realign parties (docket no. 92) will be denied.

The Court also notes that Montelongo accepted defendant's offer of judgment (docket no. 93) and any claims of his, except for reasonable attorney's fees under § 216(b), are now moot. Defendant's offer of judgment to Montelongo was "expressly conditioned upon the Court entering judgment on this Fed. R. Civ. P. 68 offer . . . and dismissing with prejudice all claims asserted by Montelongo against Boeing." The offer further stated that it was "made solely for the purpose of settlement and shall not, whether accepted or rejected, be construed as an admission of liability by Boeing. Boeing has denied and continues to deny all of the allegations made by Montelongo, and expressly denies any liability therefore [sic]. . . ." Rule 68 states that an offer of judgment may be made "on specified terms." Plaintiff, however, in his supplement to his motion for notice and mail-out, attempts to use the Rule 68 offer as an admission of liability on defendant's part. Clearly, this is an improper use of the offer of judgment. Defendant's motion to strike the supplement will be granted.

Montelongo and Lozano have also filed a motion for attorney's fees as prevailing parties. (Docket no. 98.) Seventy-eight of 80 claims have been dismissed. Plaintiffs obviously did not prevail on these claims. Montelongo accepted an offer of judgment in the amount of $3975.50. The claims of the only remaining plaintiff, Lozano, remain unresolved. Despite this, plaintiffs have filed a motion requesting an award of $160,000 in attorney's fees and costs representing

plaintiffs' attorneys' work on the entire case as it relates to all 80 plaintiffs. As indicated, plaintiffs lost on 78 of 80 claims. A request for $160,000 in attorney's fees and costs obviously bears no rational, reasonable, or *conceivable* relationship to the amount to be recovered by Montelongo, which is less than $4000. See 29 U.S.C. § 216(b) (prevailing party entitled to *reasonable* attorney's fee). As to the 78 dismissed plaintiffs, the request is groundless. As to Montelongo, the request is exorbitant. As to Lozano, the request is premature. The Court will deny the application for attorney's fees without prejudice. Montelongo may re-submit an application for a *reasonable* amount of attorney's fees relating *only* to *his* claim within two weeks of this order. Defendant will have the opportunity to respond. Once the Court has determined the reasonable and necessary attorney's fees pertinent to Montelongo's claim, it will enter judgment for him based on his acceptance of defendant's offer of judgment.

Finally, defendant has filed a motion (docket no. 100) and supplemental motion (docket no. 122) for protective order, and plaintiffs have filed a motion to compel. (Docket no. 103.) Plaintiffs, in their mistaken notion that the Fifth Circuit invited them to "advance their tokens to 'Go'" and begin this case anew, have filed broad-ranging discovery requests designed to allow them to do just that. The evidence in this case is long closed. Plaintiffs' discovery requests are outside the scheduling order deadline, and there is no motion to extend the scheduling order and, therefore, no showing of good cause. See FED. R. CIV. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent."). Lozano has already submitted his evidence. As the Fifth Circuit noted in its opinion, "[u]nlike any of the other appellants, Lozano kept track of his time over a three to four year period and submitted spreadsheets to the district court purportedly indicating when he performed and was paid for the overtime and when he was

not paid for overtime performed." Von Friewalde, 339 Fed.Appx. at 457. In addition, Lozano has been deposed. The discovery requested goes way beyond Lozano's remaining claim. The motions for protective order will be granted, and the motion to compel will be denied.

Defendant filed a motion to decertify on February 8, 2008. (Docket no. 44.) Plaintiffs filed a response to the motion. (Docket no. 52.) When the Court granted summary judgment on the entire case, it held that the motion to decertify was moot. Plaintiff argues throughout this series of motions and responses that because the case has not been decertified, then it must be wide open for a new notice and certification of a new class.

Section 16(b) of the FLSA provides that a person may maintain an action on "behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). The claims of the plaintiffs must share a common factual nexus. The claims at issue in the present case do not meet that standard. The Fifth Circuit held:

> Appellants allege that there exists a "common nucleus of liability facts" among all of their claims. After reviewing the evidence, we disagree. Indeed, unlike the employees in Anderson and Alvarez, the details surrounding each of their claims vary in significant ways, such that few if any of the appellants are "similarly situated" for the purposes of the FLSA. See 29 U.S.C. § 216(b). Therefore, we address each appellant's claim individually.

Von Friewalde, 339 Fed.Appx. at 456. While the Fifth Circuit did not specifically address the decertification motion in its opinion, it is apparent from its holding that the "similarly situated" requirement of § 216(b) cannot be met in this case. Just so there is no remaining confusion, the Court has reviewed the motion to decertify and response and finds, based on the facts, the relevant law, and the Fifth Circuit's opinion, that the motion to decertify should be granted.

Defendant's motion to strike (docket no. 89) is GRANTED, and plaintiffs' motion,

4

memorandum, and appendix (docket no. 86, 87, 88) are STRUCK. Defendant's motion to strike the supplement to plaintiffs' motion for notice and mail-out (docket no. 97) is GRANTED, and plaintiffs' supplement to their motion for notice and mail-out (docket no. 94) is STRUCK. Plaintiff's motion for leave to file an amended complaint and realign parties (docket no. 92) is DENIED. Plaintiffs' motion for attorney's fees (docket no. 98) is DENIED without prejudice. Defendant's motion (docket no. 100) and supplemental motion (docket no. 122) for protective order are GRANTED. Plaintiff's motion to compel (docket no. 103) is DENIED. Defendant's motion to decertify (docket no. 44) is GRANTED.

As plaintiff pointed out so often in the documents addressed in this order, "this case is not over." That is true. The only claims remaining, however, are Montelongo's reasonable and necessary attorney's fees and Lozano's individual claims for unpaid overtime.

SIGNED this 19 day of February, 2010.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE